T.C. Summary Opinion 2001-55

UNITED STATES TAX COURT

JACK C. GOINS, SR. AND EDITH M. GOINS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 316-99S.                    Filed April 16, 2001.

Jack C. Goins, Sr., pro se.

<u>D. Lyndell Pickett</u>, for respondent.

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for 1993 and 1994.  Rule references are to
the Tax Court Rules of Practice and Procedure.  The decision to
be entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined deficiencies of $5,974 and $6,459, in petitioners' Federal income taxes for the years 1993 and 1994, respectively. For each year, the issues for decision are: (1) Whether petitioners are entitled to trade or business expense deductions in excess of the amounts allowed by respondent, and (2) whether Jack C. Goins, Sr. performed services as an insurance examiner for the Commonwealth of Kentucky as an independent contractor or employee.

Background

Some of the facts have been stipulated and are so found. Petitioners filed a timely joint Federal income tax return for each year in issue. At the time the petition was filed, they resided in Frankfort, Kentucky. References to petitioner are to Jack C. Goins, Sr.

Petitioner began performing services for the Commonwealth of Kentucky Department of Insurance (DOI) as a market conduct examiner on April 1, 1969. Over the years his position was classified at times as an independent contractor and at times as an employee. His working arrangement with DOI ended on June 30, 1996.

On July 3, 1996, petitioner filed a claim for unemployment insurance benefits, claiming that he was laid off by his employer on June 30, 1996. After an administrative hearing before a

referee and an appeal to the Kentucky Unemployment Insurance Commission, petitioner was denied benefits on the basis of insufficient base period wages.  Applying common-law factors used in making such determinations, the Kentucky Unemployment Insurance Commission found that "the services performed by * * * [petitioner for the DOI] were performed as an independent contractor" and that petitioner "was not an employee of" the DOI.

The decision of the Kentucky Unemployment Insurance Commission is based in part upon petitioner's employment relationship with the DOI during the years in issue.  For each of those years the terms of that relationship are set forth in a personal service contract.  Among other things, each contract provides for:  (1) A term of 1 year, beginning on July 1 and ending on June 30; (2) petitioner's maximum annual fees for services computed with reference to the maximum set on a daily basis; and (3) reimbursement for traveling costs including a fixed rate per diem amount depending, in part, upon distance traveled.  Each contract specifically provides:

> The parties are cognizant that the State is liable for Social Security employer's contributions and for making Social Security withholdings pursuant to 42 U.S. Code, Section 418 [Section 218 of the Social Security Act], relative to the compensation of the Second Party for this contract.

Petitioner's obligations under each contract are described as follows:

> Performs market conduct examinations of insurance companies authorized to do business in Kentucky. Audit claims records, policy filings, rates, advertisements, and agent records for compliance with law. Prepares report of examinations and testifies in any formal proceedings resulting from examination.

Usually, the examinations conducted by petitioner pursuant to his contracts with the DOI took place at the offices of the insurance company under examination where the records necessary for the examination were stored; in most cases, the location was not in Kentucky. Each contract contemplated the examinations would require petitioner to travel extensively, which he did during each year in issue.

For most audits, petitioner used his personally owned 1992 Cadillac to travel to the location where the insurance company under audit was located. Petitioner was reimbursed $.22 per mile for the use of his car for trips to and from the location of the audit. If the audit was conducted within 200 miles of Frankfort, petitioner was also entitled to mileage reimbursements for return trips to Frankfort over the weekends.

Petitioner was paid a per diem allowance for meals and lodging while traveling away from Frankfurt on DOI business as follows:

| Distance | Days Paid | Rate Per Day |
|----------|-----------|--------------|
| ≤ 50 miles | 0 | 0 |
| 51-200 miles | 5 (M-F) | $80 before 7/1/94<br>$85 thereafter |
| ≥ 201 miles | 7 | $80 before 7/1/94<br>$85 thereafter |

During 1993, petitioner received mileage reimbursements of $1,570.80 and per diem payments of $27,920 (349 days x $80). During 1994, petitioner received mileage reimbursements of $1,430.38, and per diem payments of $23,375 ((170 days x $80) + (115 days x $85)). Petitioner was required to submit a travel voucher to DOI, but was not required to submit receipts.

Petitioners' Federal income tax return for each year in issue was prepared by a paid income tax return preparer. Included with each return is a Schedule C, Profit or Loss From Business. On each Schedule C, petitioner's business is described as "Contract State Insurance Auditor". No income is reported on either Schedule C; for each year the income paid to him by the DOI was reported as wages, as evidenced by the issuance of Forms W-2, Wage and Tax Statement. The travel reimbursements paid to petitioner during the years in issue are not included in the income reported on the Forms W-2.

The following deductions are claimed on the Schedules C:

|  | 1993 | 1994 |
|---|---|---|
| Gas & oil | $3,588.08 | $3,458.83 |
| Lodging | 7,547.28 | 7,478.77 |
| Depreciation | 500.00 | 3,000.00 |
| Insurance | 672.12 | 842.00 |
| Interest | - 0 - | 1,660.89 |
| Contract help | 2,967.84 | 3,294.00 |
| Postage | 2,341.70 | 1,435.76 |
| Rent & lease | - 0 - | 126.00 |
| Supplies | 1,431.11 | 2,175.31 |
| Taxes & lic. | 130.00 | 195.00 |
| Airfare | 335.12 | - 0 - |
| Meals | 6,818.06 | 2,714.36 |
| Telephone | 1,604.80 | 2,349.16 |
| Cleaning svc. | 865.63 | 874.18 |
| Car repair | - 0 - | 1,325.61 |

In the notice of deficiency, respondent disallowed all of the deductions claimed on the Schedules C. Respondent further determined that petitioner performed services for the DOI as an employee of the State rather than as an independent contractor.

Discussion

Generally, section 162(a) allows a taxpayer to deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business", including the business of being an employee. See Commissioner v. Flowers, 326 U.S. 465 (1946); Primuth v. Commissioner, 54 T.C. 374, 377 (1970). In general, traveling expenses, including expenses for meals and lodging, qualify for deduction if the expenses are: (1) Reasonable and necessary; (2) incurred while the taxpayer is "away from home"; and (3) directly connected to the conduct of the taxpayer's trade or business. Sec. 162(a)(2); Commissioner

v. Flowers, supra at 470.  If a taxpayer's otherwise deductible
traveling expenses are reimbursed by his employer, the taxpayer
is entitled to a deduction only for amounts in excess of the
reimbursements, and only if properly substantiated.  See sec.
1.162-17(b)(3), Income Tax Regs.; sec. 1.274-5T(f)(2)(iii),
(5)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46028 (Nov. 6,
1985).

Section 274(d) imposes stringent substantiation requirements
for deductions related to travel, entertainment, gifts, and
"listed property (as defined in section 280F(d)(4))".  Otherwise
allowable deductions for these types of expenses are not allowed
unless:

> the taxpayer substantiates by adequate records or by
> sufficient evidence corroborating the taxpayer's own
> statement (A) the amount of such expense or other item,
> (B) the time and place of the travel, entertainment,
> amusement, recreation, or use of the facility or
> property, or the date and description of the gift, (C)
> the business purpose of the expense or other item, and
> (D) the business relationship to the taxpayer of
> persons entertained, using the facility or property, or
> receiving the gift. * * *

Sec. 274(d).

To substantiate his traveling expenses, petitioner produced
a travel log and numerous credit card receipts.  According to
petitioner, expenses incurred in connection with his employment
with the DOI are recorded in the travel log.  On a day-by-day
basis, petitioner's travel log lists expenses for breakfast,
lunch, dinner, business meals, entertainment, tips (generally for

food service), hotel, coffee breaks, clerical assistance, gas, parking, repairs, telephone, postage, laundry, gifts, supplies, and medical. The total amounts of these expenses form the basis for the deductions claimed by petitioner on the Schedules C for 1993 and 1994.

According to petitioner, he only claimed deductions for meals and lodging while he was traveling away from Frankfurt to conduct an audit. Comparing petitioner's travel log to various credit card receipts indicates otherwise. On numerous dates in 1993 and 1994, the receipts indicate that petitioner was in Frankfort, while petitioner's travel log indicates that petitioner incurred (and apparently deducted) expenses for one or more meals. At trial, petitioner testified that on weekend travel days he might be in Frankfort for some portion of the day and in the city where the audit was being conducted for the remaining portion. His explanation might cover some of the occasions, but many of the receipts indicate that petitioner was in Frankfort on a day during the work week. Under the circumstances, we are unwilling to accept petitioner's log as adequate substantiation for the traveling expenses deducted on the Schedules C.

Nor do petitioner's receipts provide adequate substantiation of the traveling expense deductions claimed on the Schedules C. The lodging receipts do not total anywhere near the amount

petitioner deducted each year for that expense. Moreover, some of the receipts suggest that the expense incurred should not be deductible at all. For example, petitioner testified that the only car he used to travel to the locations of the various audits he conducted during the years in issue was a personally owned Cadillac, but several repair bills refer to a Bonneville. Also, numerous receipts relate to the purchase of gasoline. The quantities of gasoline purchased suggest that the tank of the car was being filled. In some instances the receipts were produced at the same filling station on the same day, sometimes within minutes of each other.

Petitioner contends that he is unable to substantiate all his Schedule C deductions because many of his receipts were destroyed in a flood in 1995. Although petitioner established that his residence suffered flood damages during that year, he has not made any attempt to reasonably reconstruct those records for 1993 or 1994. Based upon what evidence was presented, we think it highly unlikely that even if petitioner reconstructed his traveling expenses, the total of such expenses would exceed the amount of the reimbursements that he received from his employer during the years in issue.

Neither petitioner's travel log nor the receipts introduced into evidence during the trial constitute adequate substantiation for the traveling expenses deducted on the Schedule C each year

in issue.  See sec. 274(d).  Consequently, petitioner is not entitled to any of the traveling expense deductions claimed on the Schedules C.  Respondent's determinations in this regard are therefore sustained.

Other types of business expenses were deducted on the Schedules C and disallowed by respondent.  Petitioner was not entitled to reimbursement for these expenses.  We find that, for the year 1993, petitioner is entitled to deductions for these expenses as follows:

| Type of Expense | Amount |
| --- | --- |
| Supplies | $1,431 |
| Depreciation | 500 |
| Postage | 10 |
| Taxes | 60 |
| Telephone | 265 |
| Total | 2,266 |

Because the record does not contain adequate substantiating evidence of business expenses that petitioner may have incurred in 1994, or any evidence from which we can reasonably estimate such expenses, petitioners are not entitled to any business expense deductions for the year 1994.

Petitioner maintains that he provided services to the DOI during the years in issue as an independent contractor.  All of the deductions here in dispute were claimed on a Schedule C as though petitioner were not an employee of the DOI during either year in issue.

To the extent that petitioner is entitled to any business expense deductions, respondent argues that the deductions should be treated as employee business expenses, deductible as miscellaneous itemized deductions.  See secs. 62(a)(1) and (2), 67.  In support of this argument, respondent points out that petitioner's employment contracts with the DOI constitute agreements entered into pursuant to section 218 of the Social Security Act.  That being so, respondent relies upon section 3121(d)(4), which defines "employee" for purposes of the Federal Insurance Contributions Act (FICA) as "any individual who performs services that are included under an agreement entered into pursuant to section 218 of the Social Security Act."  Respondent apparently takes the position that an individual who fits within the definition of employee for FICA purposes should be treated as an employee for purposes of section 62.  We disagree.

In Hathaway v. Commissioner, T.C. Memo. 1996-389, we held that a taxpayer described as an employee in section 3121(d)(3) is not necessarily an employee for purposes of the treatment of the taxpayer's business expense deductions.  Instead, we concluded that for such purposes, the distinction between an employee and an independent contractor is made through the application of common-law rules applicable in determining whether an employer-employee relationship exists.  See id.

These common-law rules take into account the following factors: (1) The degree of control exercised by the principal, (2) which party invests in work facilities used by the individual, (3) the opportunity of the individual for profit or loss, (4) whether the principal can discharge the individual, (5) whether the work is part of the principal's regular business, (6) the permanency of the relationship, and (7) the relationship the parties believed they were creating. See Weber v. Commissioner, 103 T.C. 378, 387 (1994), affd. per curiam 60 F.3d 1104 (4th Cir. 1995). No single factor dictates the outcome. All the facts and circumstances should be considered. See id.

In this case, the Kentucky Unemployment Insurance Commission applied the above factors and found that the services performed by petitioner for the DOI were performed as an independent contractor. After examining all the facts and circumstances in this case, we agree with the Commission's determination and find that, for purposes of section 62, petitioner was an independent contractor during the years in issue. Accordingly, petitioner's allowable business expense deductions, as set forth above, are properly deducted on a Schedule C.

Reviewed and adopted as the report of the Small Tax Case Division.

Based upon the foregoing and respondent's agreement that Edith M. Goins is entitled to relief under section 6015(b),

<u>Decision will be</u>

<u>entered under Rule 155</u>.